CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JUL 30 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 7:13-cv-00342 |
| v. | ) ) | |
| MINOR DOE, et al., | ) ) | By: Michael F. Urbanski |
| Defendants. | ) ) ) | United States District Judge |

### MEMORANDUM OPINION

This matter is before the court on plaintiff Scottsdale Insurance Company's ("Scottsdale") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) (Dkt. # 22). The court heard argument on the motion on May 22, 2014, and all of the parties, with the exception of defendant Craig Manges, Jr., were present for the hearing. Because of the unusual procedural posture of the case, the court will not decide the merits of Scottsdale's motion at this juncture, and the motion for judgment on the pleadings will be **DENIED**.[1]

### I.

In 2007, Scottsdale issued an insurance contract to American Freestyle Karate ("AFK"), a sole proprietorship of John Edward Thomas. On July 25, 2013, Scottsdale filed this action seeking a declaration from the court that it has no duty to defend or indemnify Thomas or his former employee, Manges, in a lawsuit brought by Minor Doe and her parents, Father Doe and Mother Doe. In that underlying suit, which is currently pending in state court, Minor Doe alleges that in 2008 she was sexually molested by Manges while he was serving as her instructor at an AFK summer camp. Minor Doe also advances claims against Thomas for failing to take the necessary actions as

---

[1] As noted below, the court will evaluate all of the arguments presented thus far at the summary judgment stage. Additionally, Scottsdale's motion to strike jury demand (Dkt. # 20) will be **TAKEN UNDER ADVISEMENT** pending the resolution of the summary judgment motions.

1

Manges' employer to prevent the acts of sexual abuse. Specifically, Manges and Thomas face four counts in the underlying lawsuit: Count I – Battery (Manges); Count II – Battery (Thomas, *respondeat superior*); Count III – Negligence (Thomas); Count IV – Negligence Per Se (Thomas).

Thomas submitted a claim on April 22, 2013 to Scottsdale requesting insurance coverage of the state court action. Scottsdale denied the claim and filed the instant declaratory judgment action, naming Manges, Thomas, and Minor, Mother, and Father Doe as defendants. Scottsdale contends that the policy language does not cover the allegations set forth in the Does' state court complaint. Scottsdale also argues that Thomas and Manges failed to comply with the notice requirements of the policy, and thus, did not satisfy a condition precedent to coverage of the underlying lawsuit. On August 14, 2013, Doe and her parents answered and filed a counterclaim for declaratory judgment, seeking to establish that the underlying complaint does in fact invoke coverage of the policy. Thomas's answer included a similar counterclaim requesting a declaration of coverage under the insurance contract. Scottsdale submitted an answer to the Does' counterclaim on September 5, 2013 and responded to Thomas' counterclaim on October 8, 2013. Manges has not filed any pleadings or made any appearance in this action and no party has requested that the clerk enter default against him.

On March 17, 2014, Scottsdale submitted the instant motion for judgment on the pleadings, relying on its arguments that the policy language does not provide coverage of the claims advanced in the underlying complaint. The court held a motions hearing on May 22, 2014 regarding Scottsdale's motion for judgment on the pleadings as well as Scottsdale's motion to strike jury demand. Meanwhile, Scottsdale, Thomas, and the Does have each submitted motions for summary judgment that dispute issues of timely notice concerning Thomas' filing of the insurance claim and Scottsdale's denial of the claim. Those Rule 56 motions are not currently before the court.

2

Case 7:13-cv-00342-MFU-RSB   Document 52   Filed 07/30/14   Page 2 of 6   Pageid#: 1447

## II.

The first issue that is currently before the court is whether the court should exercise jurisdiction over this matter.[2] Under the Declaratory Judgment Act, a district court in a case or controversy otherwise within its jurisdiction, "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added).[3] Accordingly, the court's jurisdiction over this action is discretionary. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994). Declaratory judgment is usually appropriate when the requested declaration "will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). However, where the declaratory judgment action is directly associated with a pending state lawsuit, the court must also take into account "considerations of federalism, efficiency, and comity" in deciding whether to entertain the suit. Nautilus, 15 F.3d at 376 (citing Mitcheson v. Harris, 955 F.2d 235, 237-41 (4th Cir. 1992)). Four factors aid in this balancing test:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
> (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and
> (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for *res judicata*" or "to achieve a federal hearing in a case otherwise not removable."

---

[2] As no party has objected to the court's jurisdiction over this action, the court raises these concerns *sua sponte*.
[3] When a liability insurer files a declaratory judgment action against its insured and a third party with a tort claim against the insured and seeks to establish that the underlying claim is not covered by the disputed policy, "a case of actual controversy" is present. See Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). Additionally, according to the complaint for declaratory judgment, Scottsdale is an Ohio corporation with its principal place of business in Scottsdale, Arizona, and each of the defendants is a citizen of the Commonwealth of Virginia. Because the parties are completely diverse, and the amount in controversy exceeds $75,000, the court's jurisdiction over this matter is proper pursuant 28 U.S.C. § 1332.

3

<u>Id.</u> at 377.[4]

In applying these guidelines to the case at bar, the court finds that exercising jurisdiction over this declaratory action is appropriate. First, Virginia's interest in having the particular issues raised in this action decided in state court is not sufficiently compelling to favor abstention. After thoroughly reviewing the arguments, the court does not believe that the parties' disputes present unsettled or overly complex questions of state law. See <u>id.</u> at 378 (federal court should abstain "only when the questions of state law involved are difficult, complex, or unsettled").

Second, judicial economy weighs on favor of exercising jurisdiction over this declaratory action. In evaluating efficiency concerns, the court primarily focuses on "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceedings that are already pending in the state court." <u>Id.</u> (quoting <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495 (1942)). Here, Scottsdale is not a party to the state court lawsuit and it is unclear if its intervention in that action is possible at this stage. Even if intervention were possible, the contract disputes at center stage in this court are incidental to the tort claims advanced in state court. While related, the two disputes raise separate questions of law and fact and consolidating the actions into one would not aid efficient resolution of either matter.

Third, entanglement of legal and factual questions between the two lawsuits is not of major concern. The bulk of Scottsdale's complaint raises questions of law regarding contract interpretation. See <u>AES Corp. v. Steadfast Ins. Co.</u>, 283 Va. 609, 616-17, 725 S.E.2d 532, 535 (2012) ("[O]nly the allegations in the complaint and the provisions of the insurance policy are to be considered in deciding whether there is a duty on the part of the insurer to defend and indemnify

---

[4] As the Fourth Circuit has noted, "[t]he section of <u>Nautilus</u> involving the appellate standards of review was overruled by the Supreme Court in <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). However, the factors articulated which guide the district court's exercise of discretion in a declaratory judgment action remain applicable." <u>Minn. Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP</u>, 355 F. App'x 698, 699 (2009).

4

the insured"). Whatever issues of fact that may be raised by the parties' notice arguments are unlikely to have a substantial effect on the underlying lawsuit.

Lastly, nothing indicates that Scottsdale filed this suit in the guise of "procedural fencing." Disputes between an insurer and its insured over the extent of the insured's coverage are often settled in declaratory actions because they are particularly appropriate for early resolution, see Nautilus, 15 F.3d at 380, and such is the situation here. The absence of procedural gamesmanship is further supported by the fact that no party has objected to the court's jurisdiction over this matter. For these reasons, the court will not abstain from hearing this case.

### III.

The court now turns to Scottsdale's motion for judgment on the pleadings. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Here, the pleadings are not closed because defendant Manges has not filed an answer to Scottsdale's complaint and no party has requested that default judgment be entered against him. Therefore, a remedy under Rule 12(c) is not available. See Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005) ("Doe's motion for judgment on the pleadings was filed before the government filed an answer. Accordingly, Doe's motion was premature and should have been denied."); Dunn-Mason v. JP Morgan Chase Bank Nat. Ass'n, 11-CV-13419, 2013 WL 4084676, at *1 (E.D. Mich. Aug. 13, 2013) (denying 12(c) motion where one of two defendants had not yet filed a responsive pleading); Mizell v. Sara Lee Corp., CIV.A. 2:05CV129, 2005 WL 1668056, at *2 (E.D. Va.) ("In this case, the defendant has yet to file an answer to the plaintiff's complaint, and therefore the pleadings are not closed."), aff'd, 158 F. App'x 424 (4th Cir. 2005); Stands Over Bull v. Bureau of Indian Affairs, 442 F. Supp. 360, 367 (D. Mont. 1977) (where multiple defendants had not filed answers to plaintiff's complaint, the court denied a 12(c) motion as premature); see also 5C Charles Alan Wright & Arthur R. Miller, Federal

5

Practice and Procedure § 1367 (3d ed. 2004) ("[T]he proper course for the plaintiff in a case in which the defendant fails to answer is to move for a default judgment under Rule 55 rather than seek a judgment on the pleadings.").

Given the procedural posture of the case, Rule 12(c) does not provide an avenue for the court to reach the merits of the dispute. As such, the court will evaluate all of the arguments raised in connection with the Rule 12(c) motion at the summary judgment stage.

## IV.

For these reasons, Scottsdale's motion for judgment on the pleadings is **DENIED**.

An appropriate Order will be entered.

Entered: 07-29-14

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge